## Root et al. v. Odd Fellows Cemetery Company.

*Odd Fellows Cemetery Company of Philadelphia—Powers under its charter —Power of replotting lots.*

In consequence of the action of the city of Philadelphia in directing the opening of Diamond, Norris and Twenty-third streets, through the grounds of the Odd Fellows Cemetery Company, the company, alleging that such action was necessary to the squaring of the cemetery lots, made a replotting of that portion of the cemetery affected, and laid out a new avenue upon and across the lot of the plaintiffs, a subordinate lodge of the Independent Order of Odd Fellows of Pennsylvania, offering plaintiffs the right to select another portion of the cemetery for burial purposes:

*Held,* that this action of the Cemetery Company, defendant, was within the chartered rights of the said company.

Argued March 23, 1892.   Appeal, No. 241, Jan. T., 1891, by William Root et al., trustees of Penn Township Lodge, plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., March T., 1888, No. 764, on verdict for defendant.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass for damages for interference with plaintiff's estate in a burial lot in the defendant company.

At the trial before BIDDLE, J., the following facts appeared :

The defendant company was incorporated by act of assembly in 1849, for the purpose of establishing a cemetery on what was then known as Islington lane in the county of Philadelphia, the government of the cemetery being vested in the board of trustees who were elected annually.   The by-laws of the corporation provided that said " Company should be composed of representatives of lodges and encampments of the I. O. O. F., in good standing and working under the charters granted by the Grand Lodge and Grand Encampment of the state of Pennsylvania, who should subscribe for not less than ten lots in the said cemetery and pay the sum of $100," and " that every lodge or encampment becoming a member of this company shall be entitled to a lodge lot or plot of ground in the cemetery in which to inter the members of such lodge or encampment, their wives, or orphans, or visiting brethren, or any persons, except persons of color, to whom said lodge or encampment may see proper to extend the privilege of inter-

ment." The by-laws also provided that every lot owner, on application to the proper officer, should receive a deed in fee simple for his or her lot or lots on payment of the purchase money. The plaintiffs were a subordinate lodge in good standing and working under a charter from the Grand Lodge of Pennsylvania. This lodge became a purchaser of ten lots in the cemetery and paid to the company the sum of $100, and the company by indenture on December 30, 1850, in consideration of a subscription for ten lots in said company and the full amount of $100, did grant, bargain, sell and confirm unto George Root, trustee for said lodge, in trust for the use of said lodge, a certain lot or parcel of ground in said cemetery.

Plaintiffs immediately went into possession of their lot, which was inclosed by a fence, using it for burial purposes; and had been in undisputed possession to the time of the committing of the grievances complained of. A few years ago the city of Philadelphia directed the opening of Diamond, Norris and Twenty-third streets through the grounds of the Cemetery Company. It was alleged that the board of trustees entered into an arrangement whereby an exchange of property was effected for the purpose of squaring the lines of the lots and to avoid the angles resulting from the opening of said streets. Penn Township Lodge was represented by its trustee in the board of trustees in the Cemetery Company. He objected to the proposed changes and voted against them. It was further alleged on the part of the defendant company that the squaring of the cemetery lots required a replotting of that portion of the cemetery affected. The defendant company made a new avenue immediately upon and across the lot of ground which had been conveyed to the plaintiffs, which obliterated the inclosure and destroyed the marks where the interments had been made. This was done against the protest and objection of the plaintiffs, who refused to select a new lot which was offered them, claiming their right to retain the lot which they had paid for and which had ever since been in their undisputed possession.

The court directed a verdict for the defendant. Plaintiffs appealed.

*Errors assigned* were, inter alia, (5) refusal to direct a verdict for plaintiff; (7) directing a verdict for defendant.

*Joseph L. Tull,* for appellants.

*Furman Sheppard, Erastus Poulson* with him, for appellee.

PER CURIAM, April 18, 1892.

Judgment affirmed.

## Real Estate Investment Co. v. Russel, Appellant.

| 148 | 496 |
| 214 | ¹398 |
| 148 | 496 |
| 220 | ²227 |

*Promissory note—Fraud—Bona fide holder—Burden of proof—Affidavit of defence.*

The general rule in regard to commercial paper is that the plaintiff is presumed to be a bona fide holder, and that the burden is upon the defendant or maker of the note to show that he is not.

It is equally well settled, however, that when the defendant has shown that the note was obtained or put into circulation by fraud or undue means, the maker may require proof of consideration.

An affidavit of defence to a suit on a promissory note, alleging that the note was put into circulation by fraud, is sufficient to prevent judgment. The plaintiff will then be required to show that he took the note before maturity and paid value for it. Were this not the rule, it would be impossible for the maker of a note fraudulently issued to set up any defence whatever, since plaintiff's connection with the note would, as a general rule, be a matter as to which he could have no knowledge.

*Partnership—Firm note for a partner's individual debt—Fraud.*

It is a fraud for one partner to use the name of the firm for his own individual transactions. An averment that a firm note was given for such a purpose by one of the partners is in effect an averment that the note was fraudulently issued.

Argued March 23, 1892. Appeal, No. 367, Jan. T., 1891, by defendant, William Russel, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1890, No. 719, on rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Assumpsit on promissory note.

The plaintiff's statement set forth a note of the firm of Smith & Russel, to the order of William B. Smith and indorsed by the payee.

William Russel, one of the defendants, filed the following affidavit of defence:

" William Russel, one of the above-named defendants, being duly sworn according to law, doth depose and say that he has